## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER R. SCOTT<br><br>    Plaintiff,<br><br>-VS.-<br><br>84 LUMBER COMPANY, a limited<br>    partnership,<br>ACE HARDWARE CORPORATION,<br>AIR & LIQUID SYSTEMS CORPORATION,<br>    Successor-by-Merger to BUFFALO<br>    PUMPS, INC.,<br>ALFA LAVAL INC., as Successor-in-Interest to<br>    THE DELAVAL SEPARATOR<br>    COMPANY,<br>AMCORD, INC.,<br>AMERICAN BILTRITE, INC.,<br>ARMSTRONG INTERNATIONAL, INC.,<br>ARVINMERITOR, INC.,<br>ATWOOD & MORRILL as Successor-in-<br>    Interest to WEIR VALVES AND<br>    CONTROLS USA Inc,<br>AURORA PUMP COMPANY,<br>BLACKMER PUMP COMPANY,<br>BRYAN STEAM LLC,<br>BW/IP INC.,<br>CAMERON INTERNATIONAL<br>    CORPORATION f/k/a COOPER<br>    CAMERON CORPORATION,<br>CARRIER CORPORATION including its<br>    BRYANT HEATING AND COOLING<br>    and its division INTERNATIONAL<br>    COMFORT PRODUCTS,<br>CLARK-RELIANCE CORPORATION,<br>CLEAVER-BROOKS, a division of AQUA-<br>    CHEM INC.,<br>CONWED CORPORATION, Individually and<br>    as Successor-in-Interest to WOOD<br>    CONVERSION COMPANY,<br>COPES-VULCAN, INC.,<br>CRANE CO.,<br>CROWN, CORK & SEAL USA, INC., | Case No. 3:22-cv-613 |

1

DAP, INC., k/n/a LA MIRADA PRODUCTS CO.,
    INC.,
THE DOW CHEMICAL COMPANY,
EATON CORPORATION, Individually and as
    Successor-in-Interest to CUTLER HAMMER,
    INC.,
FLOWSERVE US, INC., Solely as Successor to
    ROCKWELL MANUFACTURING
    COMPANY and EDWARD VALVES, INC.,
FMC CORPORATION, as Successor-in-Interest to
    NORTHERN PUMPS and on behalf of its
    former Peerless Pump and Chicago Pump
    businesses,
FOSTER WHEELER, LLC as survivor to the
    merger of FOSTER WHEELER
    CORPORATION,
GARDNER DENVER, INC.;
GENERAL ELECTRIC COMPANY,
GENUINE PARTS COMPANY, d/b/a
    NATIONAL AUTOMOTIVE PARTS
    ASSOCIATION a/k/a NAPA,
GOODYEAR TIRE & RUBBER CO.,
GOULD ELECTRONICS, INC.,
    INDIVIDUALLY AND AS SUCCESSOR-IN-
    INTEREST TO BULLDOG ELECTRIC AND
    ITE ELECTRICAL PRODUCTS COMPANY,
GOULDS PUMPS LLC,
GRAYBAR ELECTRIC COMPANY, INC.,
GREENE TWEED & CO, INC.,
GRINNELL LLC,
GTE Operations Support Incorporated,
HERCULES, LLC,
HONEYWELL INTERNATIONAL, INC., as
    Successor-in-Interest to BENDIX CORP.,
HONEYWELL INTERNATIONAL INC., as Successor-
    in-Interest to HONEYWELL INC.,
HOWDEN NORTH AMERICA, INC.,
    individually and as Successor-in-Interest to
    BUFFALO FORGE COMPANY,
IMO INDUSTRIES INC., INDIVIDUALLY
    AND AS SUCCESSOR-IN-INTEREST
    TO DELAVAL STEAM TURBINE
    COMPANY,
INVENSYS SYSTEMS, INC., Individually and as
    Successor-in-Interest to Fulton Sylphon,
INDUSTRIAL HOLDINGS CORPORATION f/k/a
   CARBORUNDUM COMPANY,
ITT CORPORATION,

J-M MANUFACTURING COMPANY, INC.,
JAMES WALKER MFG. CO.,
JOHN CRANE, INC.,
JOHNSON CONTROLS, INC.,
KAISER GYPSUM COMPANY, INC,
KELLY-MOORE PAINT COMPANY, INC.,
KROGH PUMP COMPANY, INC.,
LAMONS,
MCKESSON CORPORATION,
MCMASTER-CARR SUPPLY COMPANY,
METROPOLITAN LIFE INSURANCE CO.,
MILWAUKEE VALVE COMPANY, INC.,
MISSION STUCCO CO.,
THE NASH ENGINEERING COMPANY,
PFIZER, INC.,
PNEUMO ABEX, LLC, as Successor-in-Interest to
ABEX CORPORATION, Rexel USA, INC,
ROCKWELL AUTOMATION, INC., F/K/A ALLEN-
    BRADLEY COMPANY, Individually and as
    Successor-in-Interest to ROSTONE CORP.,
SCHNEIDER ELECTRIC USA INC,
    Individually and as Successor-in-Interest to
    SQUARE D COMPANY,
SPENCE ENGINEERING COMPANY, INC.,
SPIRAX SARCO, INC.,
SPX CORPORATION AS SUCCESSOR-IN -
    INTEREST TO UNION PUMPS AND CLYDE
    PUMPS N/K/A CLYDE UNION PUMPS AN
    SPX BRAND,
SULZER PUMPS (US) INC, Individually and as
    Successor-in-Interest to BINGHAM PUMPS,
SUPRO CORPORATION,
UNION CARBIDE CORPORATION,
VANDERBILT MINERALS, LLC F/K/A
    R.T. VANDERBILT COMPANY, INC.,
VELAN VALVE CORP.,
VIACOMCBS INC., f/k/a CBS Corporation, a
    Delaware corporation, f/k/a Viacom
    Inc., successor-by-merger to CBS
    Corporation, a Pennsylvania
    corporation, f/k/a Westinghouse Electric
    Corporation,
VIKING PUMP, INC.,
WARREN PUMPS, LLC.,. f/k/a WARREN
    PUMPS, INC.,
WELCO MANUFACTURING COMPANY,
WHITTAKER CLARK & DANIELS,
THE WILLIAM POWELL COMPANY,

YORK INTERNATIONAL CORPORATION,
ZF ACTIVE SAFETY US INC. f/k/a
    KELSEY-HAYES COMPANY,
and,
ZURN INDUSTRIES, LLC,

    Defendants.

(The remainder of this page intentionally left blank)

### NOTICE OF REMOVAL BY DEFENDANT
### CARRIER CORPORATION

Defendant Carrier Corporation, improperly named as "Carrier Corporation including its Bryant Heating and Cooling and its division International Comfort Products" ("Carrier"), hereby removes this action from the Twentieth Judicial Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois, based upon federal-officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting at the direction of an officer or agency of the United States. Pursuant to *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 81 (2014), Carrier Corporation provides the following short and plain statement:

### I.

### PROCEDURAL HISTORY AND BACKGROUND

1. On or about February 9, 2022, Plaintiff initiated a civil action styled *Walter R. Scott v. 84 Lumber Company,* Case No. 2022-LA-000123, in the Twentieth Judicial Circuit Court in St. Clair County, Illinois. *See* Complaint, attached hereto as **Exhibit A**.

2. Carrier was served with the Complaint on or about March 17, 2022.

3. Plaintiff Walter Scott alleges that he was exposed to asbestos-containing products, from various sources, which occurred while working with asbestos-containing products that were manufactured, distributed, installed, or sold by Defendants. *See* Ex. A, Count 1, ¶ 3. Plaintiff further alleges that he developed lung cancer as a result of his exposure to asbestos from Defendants' products. *Id.* at Exh. A, Count 1, ¶ 11.

4. Plaintiff alleges that he was exposed to asbestos from Carrier products while serving in the U.S. Navy as an electrician from 1963 to 1967. *See* Exh. A, Count 1, ¶ 1 and 3.

Plaintiff alleges that he was exposed to asbestos aboard the USS Gearing (DD-710) and USS Laffey (DD724) (together, "the ships"). The ships were all owned and operated by the U.S. Navy. *See id.*

5. Plaintiff claims Carrier is liable as a manufacturing defendant under Counts One and Two of the Complaint. *Id.* at Exh. A, Counts 1 through 2. Plaintiff generally alleges that his lung cancer was caused by defendants' negligence because he was exposed to asbestos from products manufactured, sold, distributed, or installed by defendants without specifying any particular act of Carrier that allegedly caused harm. *See id.* at Exh. A, Counts 1 through 2.

## II.

## BASIS FOR REMOVAL

### A. Timeliness, Venue, and Notices

6. Under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within thirty (30) days of Carrier's March 17, 2022, notice of Plaintiff's claim that he was allegedly injured due to asbestos exposure that occurred aboard the ships.

7. Venue lies in the United States District Court Southern District of Illinois pursuant to 28 U.S.C. § 1446 because the Complaint was filed in St. Clair County, Illinois and is currently pending in this District.

8. A completed Civil Cover Sheet is included as an exhibit, attached hereto as **Exhibit B**, respectively.

9. Attached hereto as **Exhibit C** is a complete copy of the entire state court record, which includes copies of all process, pleadings, and orders served upon Carrier to date in this matter, as well as a copy of the most recent version of the state court docket, as required by 28

U.S.C. § 1446(a), the Local Rules of this Court, and/or the Local Rules of the Circuit Court of St. Clair County, Illinois.

10. Pursuant to 28 U.S.C. § 1446(d), Carrier has filed written notice regarding this Notice of Removal with the Twentieth Judicial Circuit Court of St. Clair County, Illinois, and will serve the same on counsel for Plaintiff and those defense counsel known to Carrier who have entered appearances in the state court action. A copy of this Notice of Filing Notice of Removal is attached hereto as **Exhibit D**.

11. The requisite filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Illinois.

12. If any question arises regarding the propriety of removal, Carrier respectfully requests the opportunity to present a brief and/or oral argument in support of the removability of this case.

13. Assignment to the Southern District is proper as the Complaint was filed in St. Clair County, Illinois.

  **B.**  **The Federal Officer Removal Statute Authorizes Removal of This Action**

14. Plaintiff claims that he was allegedly exposed to asbestos while he served aboard the ships, and in which he purportedly encountered or was exposed to equipment that contained asbestos. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442 because, in the manufacture of products for the federal government, Carrier acted under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

15. Though Plaintiff does not expressly allege any particular activity or component that exposed him to any particular product manufactured by Carrier while he served aboard the ships, to the extent Plaintiff may have been exposed to asbestos associated with any Carrier products

7

aboard the ships, any and all such equipment manufactured and supplied by Carrier for the federal government was designed and manufactured in accordance with detailed specifications required by the federal government, and was designed and built under the direction and control of the federal government and its officers.

16. If Carrier products were in fact used on the ships, those products were manufactured for use by the federal government pursuant to contracts and specifications executed by the federal government. Accordingly, Carrier acted pursuant to direction of a federal officer during the performance of agreements to manufacture and sell equipment to the federal government for the ships, including all aspects of warnings associated with any such equipment.

17. This case therefore is removable based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). The Federal Officer Removal Statute, 28 U.S.C. § 1442, guarantees an absolute right to a federal forum in any civil or criminal action filed in state court "that is against or directed to" a federal officer or "any person acting under that officer," such as a government contractor, when the suit is "for or relating to any act under color of such [federal] office." 28 U.S.C. § 1442(a). All requirements for Federal Officer Removal Jurisdiction are met here.

18. Carrier, as a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.4 (9th Cir. 2014); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008).

19. Carrier is entitled to remove this action because Plaintiff's "claims are based upon removing party's conduct 'acting under; the United States, its agencies, or its officers.'" *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012); *see also In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Philadelphia*, 790 F.3d 457, 471–72 (3d Cir. 2015) (construing The Removal Clarification Act of 2011, Pub. L. 11251, 125 Stat. 545

(2011) and holding that under the 2011 amendments to the Federal Officer Removal Statute, defendants no longer need to establish a "causal nexus" between challenged acts and federal authority to support Federal Officer Removal Jurisdiction). Plaintiff's alleged claims as to Carrier are therefore "for or relating to" his work aboard the U.S. federal government's ships. Plaintiff seeks to recover for injuries purportedly caused by products Carrier manufactured at the federal government's direction and under its control. *Ruppel*, 701 F.3d at 1180.

20. Carrier hereby gives notice of its assertion of the "government contractor defense" to each of Plaintiff's claims. Under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), a government contractor is immune from state tort liability for product defects when (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to the Government's specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512; see also *Getz v. Boeing Co.*, 654 F.3d 852, 861 (9th Cir. 2011) (same).

21. Carrier can establish a colorable federal officer defense to Plaintiff's complaint. To satisfy this requirement, Carrier need not "virtually win" its case. *Ruppel*, 701 F.3d at 1182. "The validity of the defense will present 'complex issues, but the propriety of removal does not depend on the answers.' Instead, the claimed defense need only be 'plausible.'" *Id.* To the extent Carrier equipment was present on the ships, Carrier supplied the federal government with various components and machinery used aboard the ships. Those components were at all times designed and manufactured under contract with the federal government and pursuant to detailed specifications issued by the government.

22. The federal government also issued reasonably precise specifications for product manuals and associated warnings for equipment used on the ships. As to Carrier's products, the

9

federal government oversaw, exercised discretion over, and ultimately approved the content of all instructional manuals, packaging, and product warnings for Carrier's products intended for use on the ships, to the extent said equipment was present. Carrier's product manuals and any associated product warnings conformed to the federal government's specifications.

23. The federal government was aware of the potential hazards of asbestos by the early 1920s, and the information about asbestos possessed by the federal government far exceeded any information that possibly could have been available to Carrier.

24. Insofar as it is necessary under the Federal Officer Removal Statute following the 2011 amendments to 28 U.S.C. § 1442(a)(1), a "causal nexus" does exist between Plaintiff's claims and Carrier's alleged actions undertaken at a federal officer's direction because Carrier's products were manufactured pursuant to detailed federal government specifications, and any applicable warnings and product manuals Carrier may have provided for products intended for use on the ships, were subject to the federal government's ultimate authority, control, discretion, and approval. *See Leite*, 749 F.3d at 1120.

WHEREFORE, Defendant Carrier Corporation, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1442 and 1446, removes this action from the Twentieth Judicial Circuit Court of St. Clair County, Illinois.

|  |  |
|---|---|
| Dated: March 24, 2022 | Respectfully submitted,<br><br>_____<br>Undray Wilks  Bar No. 06196975<br>undray.wilks@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 N. Wacker Drive<br>Chicago, Illinois 60606<br>312.324.1000 (phone)<br>312.324.1001 (fax)<br><br>ATTORNEYS FOR DEFENDANT CARRIER CORPORATION (IMPROPERLY NAMED AS "CARRIER CORPORATION INCLUDING ITS BRYANT HEATING AND COOLING AND ITS DIVISION INTERNATIONAL COMFORT PRODUCTS") |

## CERTIFICATE OF SERVICE

    I, Undray Wilks, an attorney, hereby certify that on <u>March 24, 2022</u> a copy of **Notice of Removal by Defendant Carrier Corporation** was filed electronically with the Clerk of the Court and served upon all counsel of record via CM/ECF system and is available for viewing and downloading from the CM/ECF system.

_____
Undray Wilks